J-S16027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRADLEY ERCIL JAE BURGESS | : | |
| | : | |
| Appellant | : | No. 982 MDA 2018 |

Appeal from the PCRA Order Entered May 29, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003452-2014

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 09, 2019**

Bradley Ercil Jae Burgess (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In this appeal, Appellant's court-appointed counsel (PCRA Counsel) filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because we conclude that PCRA Counsel fulfilled the procedural requirements of **Turner/Finley**, and this appeal is without merit, we affirm the PCRA court's order denying Appellant's PCRA petition and grant PCRA Counsel's petition to withdraw.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

On November 19, 2014, the Luzerne County District Attorney filed a Criminal Information charging [Appellant] with possession of heroin with intent to deliver and DUI stemming from an August 20, 2014 traffic stop of a vehicle driven by [Appellant]. [Appellant] pleaded not guilty and a jury trial was scheduled. On January 9, 2015, represented by the Public Defender's Office, [Appellant] filed a counseled pre-trial motion to suppress statements made by [Appellant] and physical evidence seized.

A suppression hearing was held on July 28, 2015. The Commonwealth presented the testimony of Wilkes-Barre Police Officer David Balchun, and introduced [Appellant's] driving record and two lab reports into evidence. Officer Balchun testified that on August 20, 2014, he observed a vehicle make a right hand turn from North Empire Court Street onto Coal Street without using its turn signal. Additionally, Officer Balchun testified that he smelled a strong odor of marijuana smoke coming from the vehicle. Officer Balchun initiated a traffic stop of the vehicle, and when he approached the driver's side door the odor of marijuana got stronger. Officer Balchun observed [Appellant] in the driver's seat, and asked him for his license and registration information, which [Appellant] provided. Officer Balchun then asked [Appellant] if he had any marijuana in the vehicle because he could smell a strong order of marijuana coming from it. Officer Balchun testified that [Appellant] responded that he had a little marijuana in his vehicle and then handed the officer a cigar wrapper with a small baggie of marijuana inside it. After being handed the marijuana, Officer Balchun advised [Appellant] that he was going to search [Appellant's] vehicle for any other narcotics. Before the search could be conducted, however, [Appellant] fled in the vehicle. Officer Balchun pursued [Appellant] with his lights and siren activated, but [Appellant] refused to stop and instead ran several stop signs at a high rate of speed, travelled the wrong way down a one way street, and nearly hit a pedestrian. While pursuing [Appellant], Officer Balchun observed him throw several objects out the vehicle's window. [Appellant] was eventually apprehended and placed into custody after he pulled his vehicle into a driveway and jumped out while the vehicle was still rolling. When Officer Balchun returned to the area where he had observed [Appellant] throw the items out of the vehicle, the officer found bundles of packaged heroin, totaling 250 packets. Based on [Appellant's] careless and reckless driving, and a statement he made after being taken into custody that he had smoked marijuana prior to being pulled over by Officer Balchun,

[Appellant] was taken for blood work. He tested positive for marijuana. Officer Balchun also testified that as the result of his check on [Appellant's] driver's license, he learned that the license was suspended. At the conclusion of the suppression hearing, the [c]ourt denied [Appellant's] suppression motion.

An Amended Information was subsequently filed setting forth twenty-nine (29) counts against [Appellant] relating to the events of August 20, 2014. Following a September 16, 2015 jury trial, [Appellant] was found guilty of twenty-seven (27) of the twenty-nine (29) counts. A Pre-Sentence Investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and sentencing was scheduled for November 23, 2015. [Appellant] failed to appear on that date, however, and sentencing was continued until January 22, 2016.

Following review and consideration of the recommendations of counsel and review of the PSI, [the trial court] sentenced [Appellant] to an aggregate term of incarceration of seven and one half (7½) to fifteen (15) years in a state correctional institution.

*Commonwealth v. Burgess*, 366 MDA 2016 at 1-3 (Pa. Super. Jan. 25, 2017) (unpublished memorandum) (quoting Trial Court Opinion, 6/30/16, at 1-3).

On January 27, 2017, this Court affirmed Appellant's judgment of sentence. *See id.* at 1. The PCRA court summarized the subsequent procedural history pertinent to this appeal as follows:

[Appellant] filed a *pro se* [PCRA petition] on May 15, 2017, and we entered an Order on March 29, 2018, which, *inter alia*, appointed counsel to represent [Appellant] relative to the instant matter and directed said counsel to determine the necessity for the filing of any supplement to [Appellant]'s *pro se* [petition].

On May 29, 2018, a hearing was held on [Appellant's petition], when testimony and evidence was presented by [Appellant] for the Court's consideration. We denied [Appellant's PCRA petition] on the record at the conclusion of the PCRA hearing at which time

he was also advised of his appellate rights. ([N.T., 5/29/18, at 18-19).]

[Appellant] filed a timely Notice of Appeal on June 11, 2018 and, following the appointment of appellate counsel, filed a Statement of Matters Complained of on Appeal on July 5, 2018. The Commonwealth filed a response thereto on July 17, 2018.

PCRA Court Opinion, 10/1/18, at 1-2.

On November 19, 2018, PCRA Counsel filed a petition to withdraw with this Court, attaching a *Turner/Finley* no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Before we review the merits of Appellant's claims, we must determine if PCRA Counsel has satisfied the requirements to be permitted to withdraw from further representation.

Pursuant to *Turner/Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

- 4 -

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Additionally:

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, PCRA Counsel filed a "no-merit" letter and petition to withdraw that states the nature and extent of his review of the case, listed the issues for which Appellant sought review, explained why and how the issues lack merit, and requested permission to withdraw. *See Turner*/*Finley* Letter, 11/19/18; Motion to Withdraw as Counsel, 11/19/18. PCRA Counsel also sent Appellant a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising Appellant of the right to proceed *pro se* or by privately retained counsel. Thus, the record reflects that PCRA Counsel

submitted a petition to withdraw and "no-merit" letter that satisfy the technical demands of **Turner**/**Finley**. We now turn to our review of Appellant's claims to ascertain whether he is entitled to relief.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

In Appellant's first issue, as raised in the **Turner/Finley** no-merit letter, he asserts that the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to object to hearsay testimony from Officer Balchun regarding "what a victim told him in furtherance of his investigation." **Turner/Finley** Letter at 5.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). To

demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

Appellant's claim lacks arguable merit. As both the trial court and PCRA Counsel point out, Appellant was unable at his PCRA hearing to identify in the record the alleged hearsay testimony to which he alleges his trial counsel should have objected. The transcript of Appellant's PCRA hearing reveals the following:

> Q. You now get to trial and there is a trial transcript that has obviously been made. I want to first get into the issue having to do with a woman's statement that the officer testified to. Can you give the judge some background and idea of what it is you think was a mistake and what went wrong?
>
> A. Officer Balchun took the stand and testified that when – he went to retrieve the drugs, a lady stopped him and said the guy you arrested almost ran me over. I looked at my lawyer and told him, like, you not going to say object because it is hearsay? And he said to me no.
>
> Q. Now, have you reviewed the trial court transcript that has [] been typed out?
>
> A. Yes.
>
> Q. Is that is that testimony in the trial transcript itself?
>
> A. No, it's not.

N.T., 5/29/18, at 5.

As the PCRA hearing transcript demonstrates, Appellant concedes that the alleged hearsay testimony for which he faults trial counsel for not raising an objection is not part of the record. *See id.* Trial counsel cannot be ineffective for failing to object to testimony that does not exist. Therefore, the PCRA court did not abuse its discretion in concluding that this claim lacks arguable merit.

In Appellant's second issue, as raised in the ***Turner/Finley*** no-merit letter, Appellant argues that trial counsel was ineffective in his cross-examination of Officer Balchun. Appellant asserts that trial counsel was ineffective because he did not question Officer Balchun about the inconsistent statements he made regarding the route he used in his pursuit of Appellant.

We conclude that this issue also lacks arguable merit. The transcript of Appellant's PCRA hearing reflects that Appellant was unable to specify what inconsistent statements, if any, Officer Balchun made during his trial testimony relating to the route he used to pursue Appellant. *See id.* at 7-13. Appellant has also failed to explain how these allegedly inconsistent statements prejudiced him at trial. Appellant's second issue amounts to nothing more than a bald assertion of ineffectiveness. Thus, the PCRA court did not abuse its discretion in concluding that this claim lacks merit.

Finally, in his *pro se* response to Counsel's ***Turner/Finley*** Letter, Appellant argues that his constitutional rights were violated because "the Commonwealth failed to provide the defendant with formal and specific notice

for the charges: (1) fleeing and eluding, (2) possession of a small amount of marijuana, (3) recklessly endangering another person, (4) flight to avoid apprehension, and (5) resisting arrest and summary offenses." Response to *Turner/Finley* Letter at 1. Appellant maintains that he is entitled to a new trial. We disagree.

In addition to failing to point to any record support for this claim, Appellant has waived it for purposes for PCRA review, as he could have raised the claim at trial or on direct appeal. *See* 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Therefore, this issue does not entitle Appellant to relief.

For these reasons, we agree with the PCRA court and PCRA Counsel that there are no meritorious issues that Appellant could pursue on collateral review, and affirm the order dismissing his PCRA petition.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2019